UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER MILEY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-355-JWD-RLB** |
| **DEPUTY DOE AND JASON ARD,** | |
| **SHERIFF OF LIVINGSTON PARISH** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 5, 2018.

  
_____  
RICHARD L. BOURGEOIS, JR.  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER MILEY**                                                **CIVIL ACTION**

**VERSUS**

                                                                                        **NO. 18-355-JWD-RLB**

**DEPUTY DOE AND JASON ARD,
SHERIFF OF LIVINGSTON PARISH**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to File Amended Complaint (R. Doc. 20) filed on June 11, 2018.  The motion is opposed. (R. Doc. 21).

Also before the Court is Plaintiff's Request for Leave of Court to File First Amended Civil Rights Complaint (R. Doc. 23) filed on July 6, 2018.  The motion is opposed. (R. Doc. 24). Plaintiff has filed a Reply. (R. Doc. 24).

**I.    Background**

Christopher Miley ("Plaintiff") initiated this civil rights action in state court, naming as the sole defendants "Deputy Doe" and Jason Ard, in his official capacity as Sheriff of Livingston Parish. (R. Doc. 1-2 at 4-6, "Petition").  Plaintiff alleges that he was arrested by Deputy Doe for simple battery on August 10, 2016, repeatedly told Deputy Doe that "the wrong guy" had been arrested, and was sent to jail for three days. (Petition ¶¶ 3-5).  Plaintiff alleges that he was then released on bond and, prior to his arraignment, filed motions indicating that he was "not the right Christopher Miller." (Petition ¶ 6).  Plaintiff alleges that he "was falsely arrested and imprisoned by the Defendants because the Defendants failed to properly investigate this matter" and they were reckless in the investigation of this crime, leading to wrongly accusing an innocent man of a crime when they knew or should have known that Plaintiff was not the suspect." (Petition ¶¶ 8-

1

9).  Plaintiff further alleges that on the first day of trial the States' eyewitness, upon seeing Plaintiff, stated that the State had "the wrong man," and, as a result, the state prosecutor dismissed all charges against Plaintiff on March 14, 2017. (Petition ¶ 12).  The instant action was filed on or about March 5, 2018. (R. Doc. 1-2).

Based on the foregoing, Plaintiff alleges that the "Defendant's actions amount to willful indifference to the Plaintiff's federally protected rights to be free from unreasonable seizures of his person under [42 U.S.C. § 1983]." (Petition ¶ 13).  Plaintiff asserts that the foregoing "acts also amount to violation of federal and state law for false arrest and false imprisonment. (Petition ¶ 14).  Plaintiff seeks to recover various damages, including general damages for "deprivation of his Fourth Amendment rights" and "Damage to his reputation, including causing worldwide publication of his arrest for battery." (Petition ¶ 15).

On March 29, 2018, Sheriff Ard removed the action on the basis that the Court has federal question jurisdiction over Plaintiff's federal claims asserted under 42 U.S.C. § 1983. (R. Doc. 1).

On April 23, 2018, Sheriff Ard filed a motion to dismiss, asserting that Plaintiff's claims for false arrest and false imprisonment have prescribed. (R. Doc. 5).  In opposition to the motion to dismiss, Plaintiff sought leave to amend the pleadings to allege a due process claim under the Fourteenth Amendment, a malicious prosecution claim, and to identify Deputy Doe. (R. Doc. 9).

On May 30, 2018, the undersigned held a telephone status conference and stayed discovery in light of the pending motion to dismiss. (R. Doc. 14).

On June 11, 2018, the district judge held a telephone status in which Plaintiff conceded that his false imprisonment and false arrest claims had prescribed, and the district judge ordered Plaintiff to file a motion for leave to file an amended complaint as requested in his opposition to

the motion to dismiss. (R. Doc. 19). That same day, Plaintiff filed his "Motion to File Amended Complaint" in which he represented that the district judge granted leave to file an amended complaint. (R. Doc. 20). In opposition, Sheriff Ard argued that the district judge did not grant leave to amend, and instead ordered Plaintiff to file a motion seeking leave to amend. (R. Doc. 21 at 1). Sheriff Ard also opposed the motion on the basis that Plaintiff's original claims are prescribed, the new claims cannot related back to those prescribed claims, and the new claims are otherwise futile for failure to state a claim upon which relief can be granted. (R. Doc. 21).

On July 6, 2018, the district judge referred the foregoing motion to the undersigned, specifically noting that the Court "did not grant Plaintiff leave to amend his complaint in the June 11, 2018 status conference" and rather "allowed Plaintiff to file a motion asking for leave to amend the complaint, which could be taken up and decided after briefing." (R. Doc. 22). That same day, Plaintiff filed his Request for Leave of Court to File First Amended Civil Rights Complaint, which did not add any substantive arguments in support of amendment. (R. Doc. 23). In opposition, Sheriff Ard referred back to the arguments raised in opposition to Plaintiff's Motion to File Amended Complaint. (R. Doc. 24). Plaintiff then filed a Reply in which he argues, for the first time, that his original petition also contained causes of action for malicious prosecution and defamation. (R. Doc. 27 at 1). Among other things, Plaintiff argues that the claims asserted in his proposed amended complaint relate back to his "defamation" claim under Rule 15(c) of the Federal Rules of Civil Procedure, and that he should otherwise be granted leave to identify Deputy Doe. (R. Doc. 27 at 2-5).

3

**II.    Law and Analysis**

    **A.    Legal Standards**

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

"An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the

4

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

    **B.**    **Analysis**

Plaintiff has conceded that his false arrest and false imprisonment claims alleged in the Petition are prescribed. The issue becomes, therefore, whether Plaintiff's proposed claims for malicious prosecution, Fourteenth Amendment due process violations, and defamation "relate back" to the filing of the Petition. Sheriff Ard argues that these claims do not "relate back" and, therefore, should be denied as futile because they are prescribed. Sheriff Ard's primary argument against a finding that these claims "relate back" to the filing of the Petition is that the false arrest and false imprisonment claims are prescribed, and, accordingly, the proposed new claims cannot "relate back" to the original untimely Petition.

In apparent recognition of this issue, Plaintiff argues for the first time in his Reply that the Petition actually contained allegations supporting claims for malicious prosecution and defamation. Based on this assertion, Plaintiff is now arguing that his amended claims "relate back" to a timely filed defamation claim in the original Petition. The Court rejects Plaintiff's post hoc interpretation of his pleading. To be clear, the words "malicious prosecution,"

5

"Fourteenth Amendment," and "defamation" are nowhere to be found in the Petition.[1] Furthermore, in opposition to Sheriff Ard's Motion to Dismiss, Plaintiff sought leave "to *amend* his cause of action to one for a deprivation of Plaintiff's Due Process under the Fourteenth Amendment and state law claims for malicious prosecution." (R. Doc. 9 at 4) (emphasis added). Nowhere in his opposition did Plaintiff assert that his Petition contained a claim for "defamation" or that he would seek leave to add a claim for defamation.[2]

The issue remains as to whether the proposed claims relate back to the filing of the Petition, given that the only claims raised in the Petition are prescribed. Sheriff Ard relies on various decisions outside of the Fifth Circuit for the proposition that "it is well-settled that an amended complaint may not relate back to an untimely filed action." (R. Doc. 21 at 4-5). The decisions cited by Sheriff Ard stand for that very proposition. *See U.S. ex rel. Miller v. Bill Harbert Intern. Const.*, 505 F. Supp. 2d 1, 4, n.4 (D. D.C. 2007) ("[A]n amended pleading may not relate back to an untimely original pleading."); *Jones v. Motley*, No. 07-111, 2009 WL 1458209, at *4 (E.D. Ky. May 26, 2009) ("It is axiomatic that in order to amend, the party seeking to amend must have a timely pleading already on file.") (internal marks and citation omitted); *Washington v. Potter*, No. 09-1774, 2010 WL 2635647, at *4 (N.D. Ga. Apr. 16, 2010) ("[P]laintiff's original complaint was untimely, and 'there is effectively nothing for the Title VII claim, pled in the amended complaint, to relate back to'.") (quoting *Roberts v.*

---

[1] In his state court civil cover sheet, Plaintiff did not check the category of "Defamation" as one of the most appropriate categories to apply to the suit, and instead identified the suit as involving an "other tort" described as "Petition was wrongly arrested and his civil rights were violated." (R. Doc. 1-2 at 8).

[2] Plaintiff states that Paragraph 15 of his Petition, which lists the damages sought, is the source of his defamation claim. (R. Doc. 23-2 at 5). In Paragraph 15, Plaintiff seeks recovery for the following: "Damage to his reputation, including causing worldwide publication of his arrest for battery." (Petition ¶ 14). To prevail in an action for defamation, the plaintiff must prove: defamatory words, publication, falsity, malice (actual or implied), and resulting injury." *Clark v. Wilcox*, 928 So. 2d 104, 111 (La. App. 1st Cir. 2005). There is no dispute that Plaintiff was arrested for battery. It is, therefore, unclear what false defamatory words have been published that support a claim for defamation.

*Newberry Coll.*, No. 08-3198, 2009 WL 1485038, at *3 (D.S.C. May 27, 2009)); *Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1240-41 (S.D. Cal. 1998) ("It strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint. Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint.").

The Seventh Circuit has reached the same conclusion. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Henderson v. Bolanda*, 253 F.3d 928, 933 (7th Cir. 2001) ("Because we hold that Rule 15(c) of the Federal Rules of Civil Procedure does not permit an amended complaint to relate back to an earlier, untimely complaint, and because Henderson's amended complaint was filed after the expiration of the statute of limitations, we affirm the dismissal of his complaint by the district court."); *see also Clink v. Oregon Health & Sci. Univ.*, 9 F. Supp. 3d 1162, 1165 (D. Or. 2014) ("The Court finds persuasive the Seventh Circuit's holding that Federal Rule of Civil Procedure 15(c) does not permit an amended complaint to relate back to an earlier, untimely complaint.") (citing *Henderson*, 253 F.3d at 931). Moreover, courts have emphasized that the amended pleadings must relate back to a "timely" filed original pleading. *See*, *e.g.*, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 538 (2010) (Rule 15(c) allows a plaintiff to relate back her amended pleading "to the date of a *timely* filed original pleading" and renders the amended pleading "timely even though it was filed outside an applicable statute of limitations period.") (emphasis added).

Plaintiff does not cite any decisions holding that new claims first raised in a motion to amend relate back to untimely claims raised in the original pleading. This appears to be a minority position. *See*, *e.g.*, *Richards v. City of Bangor, Me.*, 878 F. Supp. 2d 271, 281 (D. Me. 2012) (rejecting argument that "there can be no relation back because the . . . claims in the

7

original pleading were time barred when filed"); *Drakatos v. R. B. Denison, Inc.*, 493 F. Supp. 942, 946 (D. Conn. 1980) ("Plaintiff is not precluded from relating her amended pleading back to her initial complaint because her original claims were time-barred or allegedly insubstantial.").

The parties have not directed the Court to any decision by the Fifth Circuit holding that Rule 15(c) does not permit claims raised in an amended complaint to relate back to the original complaint containing only prescribed claims. Give the weight of authority brought to the Court's attention by Defendants, and Plaintiff's false premise that he raised a non-prescribed "defamation" claim in the original Complaint to which the claims in the proposed amended complaint can relate back to, the Court finds persuasive Defendant's argument that Plaintiff's proposed amendments are futile because there is no dispute that Plaintiff's original claims are prescribed. In short, Plaintiff's untimely original Complaint is "a nullity" that cannot "act as a life-line for a later complaint, filed after the . . . statute of limitations for the claims which it contained." *Henderson*, 233 F.3d at 932.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to File Amended Complaint (R. Doc. 20) and Plaintiff's Request for Leave of Court to File First Amended Civil Rights Complaint (R. Doc. 23) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 5, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8