# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER MILEY**

**CIVIL ACTION**

**VERSUS**

**NO. 18-355-JWD-RLB**

**JASON ARD AND UNKNOWN DOE**

## RULING AND ORDER

Before the Court is the Motion to Dismiss filed by Defendant Jason Ard, Sheriff of Livingston Parish, Louisiana ("Ard"). (Doc. 5). It is opposed by Plaintiff Christopher Miley ("Miley" or "Plaintiff"). (Doc. 9). Ard filed a reply. (Doc. 15). For the reasons which follow, the motion (Doc. 5) is granted.

## BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's Report and Recommendation (Doc. 28), which was adopted by this Court (Doc. 30), sets out the pertinent factual background and procedural history.

> Christopher Miley ("Plaintiff") initiated this civil rights action in state court, naming as the sole defendants "Deputy Doe" and Jason Ard, in his official capacity as Sheriff of Livingston Parish. (R. Doc. 1-2 at 4-6, "Petition"). Plaintiff alleges that he was arrested by Deputy Doe for simple battery on August 10, 2016, repeatedly told Deputy Doe that "the wrong guy" had been arrested, and was sent to jail for three days. (Petition ¶¶ 3-5). Plaintiff alleges that he was then released on bond and, prior to his arraignment, filed motions indicating that he was "not the right Christopher Miller." (Petition ¶ 6). Plaintiff alleges that he "was falsely arrested and imprisoned by the Defendants because the Defendants failed to properly investigate this matter" and they were reckless in the investigation of this crime, leading to wrongly accusing an innocent man of a crime when they knew or should have known that Plaintiff was not the suspect." (Petition ¶¶ 8-9). Plaintiff further alleges that on the first day of trial the States' eyewitness, upon seeing Plaintiff, stated that the State had "the wrong man," and, as a result, the state prosecutor dismissed all charges against Plaintiff on March 14, 2017. (Petition ¶ 12). The instant action was filed on or about March 5, 2018. (R. Doc. 1-2).
>
> Based on the foregoing, Plaintiff alleges that the "Defendant's actions amount to willful indifference to the Plaintiff's federally protected rights to be free from unreasonable seizures of his person under [42 U.S.C. § 1983]." (Petition ¶ 13).

Plaintiff asserts that the foregoing "acts also amount to violation of federal and state law for false arrest and false imprisonment. (Petition ¶ 14). Plaintiff seeks to recover various damages, including general damages for "deprivation of his Fourth Amendment rights" and "Damage to his reputation, including causing worldwide publication of his arrest for battery." (Petition ¶ 15).

On March 29, 2018, Sheriff Ard removed the action on the basis that the Court has federal question jurisdiction over Plaintiff's federal claims asserted under 42 U.S.C. § 1983. (R. Doc. 1).

On April 23, 2018, Sheriff Ard filed a motion to dismiss, asserting that Plaintiff's claims for false arrest and false imprisonment have prescribed. (R. Doc. 5). In opposition to the motion to dismiss, Plaintiff sought leave to amend the pleadings to allege a due process claim under the Fourteenth Amendment, a malicious prosecution claim, and to identify Deputy Doe. (R. Doc. 9).

On May 30, 2018, the undersigned held a telephone status conference and stayed discovery in light of the pending motion to dismiss. (R. Doc. 14).

On June 11, 2018, the district judge held a telephone status in which Plaintiff conceded that his false imprisonment and false arrest claims had prescribed, and the district judge ordered Plaintiff to file a motion for leave to file an amended complaint as requested in his opposition to the motion to dismiss. (R. Doc. 19). That same day, Plaintiff filed his "Motion to File Amended Complaint" in which he represented that the district judge granted leave to file an amended complaint. (R. Doc. 20). In opposition, Sheriff Ard argued that the district judge did not grant leave to amend, and instead ordered Plaintiff to file a motion seeking leave to amend. (R. Doc. 21 at 1). Sheriff Ard also opposed the motion on the basis that Plaintiff's original claims are prescribed, the new claims cannot related back to those prescribed claims, and the new claims are otherwise futile for failure to state a claim upon which relief can be granted. (R. Doc. 21).

On July 6, 2018, the district judge referred the foregoing motion to the undersigned, specifically noting that the Court "did not grant Plaintiff leave to amend his complaint in the June 11, 2018 status conference" and rather "allowed Plaintiff to file a motion asking for leave to amend the complaint, which could be taken up and decided after briefing." (R. Doc. 22). That same day, Plaintiff filed his Request for Leave of Court to File First Amended Civil Rights Complaint, which did not add any substantive arguments in support of amendment. (R. Doc. 23). In opposition, Sheriff Ard referred back to the arguments raised in opposition to Plaintiff's Motion to File Amended Complaint. (R. Doc. 24). Plaintiff then filed a Reply in which he argues, for the first time, that his original petition also contained causes of action for malicious prosecution and defamation. (R. Doc. 27 at 1). Among other things, Plaintiff argues that the claims asserted in his proposed amended complaint relate back to his "defamation" claim under Rule 15(c) of the Federal Rules of Civil

Procedure, and that he should otherwise be granted leave to identify Deputy Doe. (R. Doc. 27 at 2-5).

The Magistrate Judge recommended that Plaintiff's Motion to File Amended Complaint be denied. (Doc. 28). This Court agreed and overruled Plaintiff's Objection to it. (Doc. 30).

## STANDARD OF REVIEW

In *Johnson v. City of Shelby, Mississippi,* the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. 346, 346–47 (2014) (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable

expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (quoting *Barber v. Bristol-Myers Squibb*, Civil Action No. 09-1562 (W.D. La. 2010)).

More recently, in *Thompson v. City of Waco, Texas,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

## DISCUSSION

As previously mentioned, Plaintiff admitted that his false imprisonment and false arrest claims were prescribed. (Doc. 19.) Indeed, Plaintiff's opposition to this motion concedes as much in that it consists mainly of a plea for leave to add additional causes of action. (Doc. 9.) It is only in Plaintiff's Reply brief in support of his formal Motion to File Amended Complaint that he argues, for the first time, that the original petition alleged causes of action for malicious prosecution and defamation. (Doc. 27.) The Court need not consider arguments raised for the first time in a reply brief. *See, e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."). However, even if the Court were to consider this argument, the Court finds that claims of malicious prosecution and defamation were not adequately raised in the Petition.

**CONCLUSION**

For the reasons articulated in the Magistrate Judge's Report and Recommendation, and adopted by this Court, Plaintiff's arguments are rejected. The Court agrees with the Magistrate Judge. The Court finds Plaintiff's claims have prescribed and, therefore, IT IS ORDERED that the motion to dismiss (Doc. 5) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

Signed in Baton Rouge, Louisiana, on November 15, 2018.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**